UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT LYKENS,

    Plaintiff,

v.

COLETTE S. PETERS, in her official capacity as Director of the Bureau of Prisons, and in her individual capacity, et al.,

    Defendants.

CIVIL ACTION NO. 4:24-cv-00729

(SAPORITO, J.)

## MEMORANDUM

Now before the court is a report and recommendation of Chief United States Magistrate Judge Daryl F. Bloom, in which he recommends that this action be dismissed sua sponte on res judicata grounds, and that the defendants' motion to dismiss be denied as moot. Doc. 26.

No objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987). Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866

F.3d 93, 99 (3d Cir. 2017), however, we find it appropriate to adopt the report only in part, limited to dismissal of the plaintiff's FTCA claims, and to remand the matter to the magistrate judge for further proceedings on the plaintiff's *Bivens* damages claims, his claims for injunctive relief, and the defendants' motion to dismiss those claims.

This action commenced with the filing of the plaintiff's *pro se* complaint asserting a variety of federal civil rights and FTCA claims against the United States, the Federal Bureau of Prisons ("BOP"), and several individual BOP officials on April 29, 2024. Doc. 1. Lykens seeks damages and injunctive relief for a period of "overincarceration." The gist of his complaint is that the defendants willfully or negligently miscalculated his accrual of FSA time credits, resulting in his unlawful imprisonment for an additional period of time after the date when he should have been released if those credits were properly calculated. Lykens contends that this period of overincarceration violated his Fourth Amendment right to be free from unreasonable seizures, his Fifth Amendment due process and equal protection rights, and his Eighth Amendment right to be free from cruel and unusual punishment. In moving to dismiss this action, the defendants have liberally construed

these claims as FTCA claims against the United States and *Bivens* claims against the individual defendants.

While this case was pending, the plaintiff filed a lawsuit against the same individual BOP officials in state court on July 1, 2024, which was subsequently removed to this court in a separate case, docketed as *Lykens v. Peters*, No. 4:24-cv-01385 (M.D. Pa. dismissed Feb. 4, 2025). In that action, the plaintiff asserted state-law false imprisonment tort claims against these same BOP officials. The removed action was converted into an FTCA action, the United States was substituted in place of the individual defendants, and, ultimately, we dismissed the removed action for lack of subject matter jurisdiction based on the plaintiff's failure to exhaust administrative remedies under the FTCA. *See Lykens v. Peters*, No. 4:24-cv-01385, 2025 WL 383803 (M.D. Pa. Feb. 4, 2025), *appeal filed*, No. 25-1393 (3d Cir. Mar. 5, 2025).

In his report and recommendation, Judge Bloom recommends that this entire action be dismissed under the doctrine of res judicata, or claim preclusion, pointing to our dismissal of the removed action. *See generally Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) ("Under the doctrine of claim preclusion [or res judicata], a final judgment on the

merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.") (emphasis added, internal quotation marks and brackets omitted).

But the removed action was dismissed for lack of subject matter jurisdiction, not on its merits. Thus, the doctrine of res judicata, or claim preclusion, does not prevent this suit from being brought. *See Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 360 (3d Cir. 1983). Rather than res judicata, or claim preclusion, our dismissal of the removed action is limited to preclusive effect under the doctrine of collateral estoppel, or issue preclusion.

"The doctrines of res judicata and collateral estoppel are easily confused because the term 'res judicata' is often used to embrace both doctrines. However, it is important to distinguish the two concepts because res judicata and collateral estoppel apply in different circumstances with different consequences to litigants." *Novak v. World Bank*, 703 F.2d 1305, 1308–09 (D.C. Cir. 1983) (citation omitted). As the Supreme Court has explained:

> Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court

> has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

*Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citations omitted).

As the Third Circuit has previously held in similar circumstances: "A dismissal for lack of subject-matter jurisdiction, while not binding as to all matters which could have been raised, is, however, conclusive as to matters actually adjudged." *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 212 (3d Cir. 1997); *see also Tucker v. Sec'y of Health & Hum. Servs.*, 588 Fed. App'x 110, 114 (3d Cir. 2014) (per curiam) ("A judgment dismissing an action for lack of jurisdiction ordinarily has no preclusive effect on the cause of action originally raised, but it does have a preclusive effect on matters actually litigated. . . . Dismissal of the prior suit for lack of subject matter jurisdiction thus barred relitigation of the jurisdictional question."); *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987) ("[A] ruling granting a motion to dismiss for lack of subject matter jurisdiction is not on the merits; its [preclusive] effect is limited to the question of jurisdiction."); *Atl. City Mun. Utils. Auth. v. Reg'l Adm'r*, 803 F.2d 96, 103 (3d Cir. 1986) ("The abating effect of a jurisdictional dismissal has been variously described, but whether termed 'direct estoppel' or 'issue

preclusion,' the law is clear: a dismissal for lack of subject-matter jurisdiction, while 'not binding as to all matters which could have been raised,' is, however, conclusive as to matters actually adjudged.") (citations omitted).

Under the present circumstances, the plaintiff's FTCA claims, which involve the very same facts concerning the exhaustion of administrative remedies as those underlying our dismissal of the removed action for lack of subject matter jurisdiction, are barred by the doctrine of collateral estoppel, or issue preclusion. The rest of the plaintiff's claims, however, are not.

Accordingly, the report and recommendation will be adopted in part and not adopted in part. The plaintiff's FTCA claims will be dismissed for lack of subject matter jurisdiction under the doctrine of collateral estoppel, or issue preclusion. The matter will be remanded to the magistrate judge for further proceedings with respect to the plaintiff's remaining claims and the defendants' motion to dismiss.

An appropriate order follows.

Dated: March 28, 2025            *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States District Judge